## UNIVERSAL TRAFFIC CONTROL CO. et al. v. CITY OF DALLAS.

(District Court, N. D. Texas, Dallas Division. June 11, 1925.)

### No. 3048–306.

1. Patents ⊙⟶328—Wetter patent, No. 1,385,-807, covering sidewalk operated traffic signals held anticipated, and not infringed by centrally operated overhead system.

Wetter patent, No. 1,385,807, for street traffic signals, consisting of combination of co-operating posts on sidewalks, *held* anticipated, and not infringed by centrally operated system, consisting of four-faced, electrically operated signals hung overhead at intersections and using different colored lights.

2. Patents ⊙⟶51 (1)—City's continued use of system of traffic control not prevented by subsequent patenting of system containing some of such elements.

City's continued use of system of traffic control, consisting of white marks on street pavement and safety zone markers at intersections and street railroad stops, to protect pedestrians from vehicular traffic, could not be prevented by subsequent patent of traffic control system, including some of such elements.

In Equity. Suit by the Universal Traffic Control Company against the City of Dallas. Decree for defendant.

Thomas, Frank, Milam & Touchstone and Jack A. Schley, all of Dallas, Tex., for plaintiffs.

James J. Collins, City Atty., Allen Charlton, Asst. City Atty., and John M. Spellman, all of Dallas, Tex., for defendant.

ATWELL, District Judge. [1] The plaintiffs' patent covers a combination of old elements. While the wording of his specifications would authorize an overhead signal, none of the claims make any such recitation, and all of the claims are predicated on co-operating twin posts, some of which I grant, or one of which I grant, may be in the center of the street. Certainly one cannot say that an electric signal, warning either a pedestrian or one in a vehicle, of danger, or of a lack of danger, has any novelty about it, or that it belongs to any one. I think that by common usage for many years it has been the property of the public. The plaintiff offers nothing, in the court's judgment, that did not already belong to the public, save and except a combination of posts on the sidewalk, which the city of Dallas is not using.

One of the patents offered in evidence covers an overhead light or signal. The Patent Office especially denied that to the plaintiff. The plan used in Dallas relieves the congestion of a street, with safety to the pedestrian, when the signal is open. It likewise relieves a part of the congestion of the street, with safety to the pedestrian, when the signal is closed. Traffic may move from the safety block at the corner on the far end of the safety zone up to the curb line, which I am unable to read in the Wetter patent at all. It is true one witness, sought to put it there, and it is true Judge Newton sought to put it there, he being a witness for the defendant, but I do not think it is in the patent.

I think, also, that the city of Dallas had been using, from the testimony here, since 1912, to say the least of it, white markings on the pavements in conjunction with some sort of a buffer, or point, for the making of a safety zone for common carrier passengers, and for the passing of pedestrians from sidewalk to sidewalk. Manifestly, of course, the plaintiff could not take that, as an old element, and include it in a combination of other old elements, and exclude the defendant from its continued use. While the specifications of the patent sued upon would authorize, I think, an overhead and a centrally operated street system, the reference is announced in the patent to be a sidewalk operated system, and certainly no claim is made for a central operation, and, if it had been so made, it would have been invalid, in the court's opinion, because that, too, belonged to the public many years before Mr. Wetter secured a patent upon it.

The alleged drawings that the plaintiff offers in evidence, alleged to have been made by him in the fall of 1913, do not appeal to the court. I do not think they come within the rule of exhibiting an invention. They are quite crude, and, even if the court should find that they were made at that time, they are quite unsatisfactory, and by saying this I do not mean to find that they were made at that time.

[2] The defendant has, unmistakably, for 12 or 13 years made efforts by white marks upon the street pavement, running from curb to curb, and by running adjacent to and along the street railway lines, and by the use of safety zone markers, or buffers, or points, sought to protect pedestrians from

vehicular traffic. This effort has won for it proper right in such system, and the patent subsequently granted, which might include some of such acquired system, could not prevent its continued use. Likewise, as indicated above, signaling of different sorts has been used for probably 50 years in a more or less perfected state for warning people that they were approaching a dangerous point, or that the point they were approaching, ordinarily dangerous, was at the instant safe.

Comprised in these signaling efforts is a semaphoring, or ringing of bells, electrically operated, the showing of different colored lights, etc. Gathering from this public fund a system, the city of Dallas has hung at the intersections of its streets a four-faced signal. Each face has three apertures, each aperture displaying a different colored light; the red meaning danger, the green meaning safety and the right to go, the yellow or orange meaning either to get ready to go, get ready to stop, or, if continued, meaning all traffic is suspended awaiting the happening of such emergency as the coming of the swiftly moving fire engine or ambulance. These four-faced signals are operated from one point in the city, and are connected with the police department and the fire system, so that it is a very efficient signal system.

This signal system, however, is quite separate from, and has nothing to do with, the white lines upon the pavement and along the street car line. They operate separately. At many intersections there will be no safety marker. At others there will be no signal bells or colored lights. Quite unlike and dissimilar is the Dallas system from that invented by the plaintiff.

It is possible I have not covered all of the issues. I do not know that it is necessary that I do so; but I think that, both upon the facts and the law, the defendant is entitled to a decree, and to the dismissal of the plaintiffs' bill, which is ordered, and the plaintiff has an exception.